**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
                                    :
WOOD-EICHLER MOTORS, et al.,        :   CIVIL ACTION NO. 10-3653 (MLC)
                                    :
     Plaintiffs,                    :        O P I N I O N
                                    :
     v.                             :
                                    :
LUMBER INSURANCE CO., et al.,       :
                                    :
     Defendants.                    :
_____:
```

**GIOVANNI TOSTI** brought an action in New Jersey state court to recover damages for wrongful termination of employment against Wood-Eichler Motors, Princeton Performance Vehicles, Inc., and Denise Wood ("Insureds") ("Tort Action"). (Dkt. entry no. 1, Rmv. Not. at 2; dkt. entry no. 1, Compl. at 1-3.) The Tort Action remains pending. (Dkt. entry no. 27, Insureds Br. at 1.) Lumber Insurance Co., MIC Property & Casualty Insurance Co., United States Liability Insurance Co., and TIG Insurance Co. ("Insurers") allegedly provided coverage to the Insureds. (Compl. at 5.) The Insureds brought this separate action against the Insurers in the same state court for a judgment declaring that the Insurers are obligated to defend and indemnify the Insureds in the Tort Action ("Declaratory Judgment Action"). (See Compl.) The Insurers then removed the Declaratory Judgment Action to this Court.[1]

---

[1] The Insurers may not have reviewed this Court's docket before removing the Declaratory Judgment Action. See Order To Show Cause, Wood-Eichler Motors v. Lumber Insurance Co., No. 10-2736 (MLC) (D.N.J. June 2, 2010), ECF No. 3.

**THE INSURERS** could be named in the Tort Action as defendants, as third-party defendants, or in some other capacity. Also, a determination as to any claim in the Declaratory Judgment Action would necessarily affect — and thus interfere with — the Tort Action. As a result, this Court must abstain from adjudicating the Declaratory Judgment Action. See Wilton v. Seven Falls Co., 515 U.S. 277, 280-90 (1995) (upholding Brillhart v. Excess Ins. Co., 316 U.S. 491 (1942)).

**THE DECLARATORY JUDGMENT ACTION** (1) is, as the Court's shorthand reference suggests, a declaratory-judgment action involving insurance-coverage issues, (2) concerns issues that will be raised in the Tort Action, and (3) could be adjudicated by the same judge overseeing the Tort Action, as both actions were initiated in the same court. As a result, the Declaratory Judgment Action should be remanded. See Del Suppo, Inc. v. Nautilus Ins. Co., No. 07-952, 2007 WL 2345287, at *2-3 (W.D. Pa. Aug. 16, 2007) (declining jurisdiction and remanding action where insurer removed insured's action seeking indemnification in underlying state court action); see also Williams v. State Auto Prop. & Cas. Ins. Co., No. 08-4983, 2009 WL 1119502, at *2-3 (E.D. Pa. Apr. 24, 2009) (remanding action concerning insurance coverage, and noting "the possibility of interfering with the state court cases regarding the same matter is substantial" because the conduct of certain parties would need to be addressed

in both the underlying state action and the removed declaratory-judgment action).  The Court is authorized to remand the action here sua sponte.  Del Suppo, 2007 WL 2345287, at *3.

**THE COURT**, in view of the pending Tort Action, must "promote judicial economy by avoiding duplicative and piecemeal litigation".  State Auto Ins. Cos. v. Summy, 234 F.3d 131, 135 (3d Cir. 2001).  For good cause appearing, the Court will issue an appropriate order and judgment.[2]

                                      s/ Mary L. Cooper
                                      **MARY L. COOPER**
                                      United States District Judge

Dated:  December 6, 2010

---

[2] The Court notes that Tosti should have been named in the Declaratory Judgment Action.  See N.J.S.A. § 2A:16-56 (stating that when declaratory relief is sought, all persons having an interest that would be affected by the declaration must be made parties to the proceeding).  Tosti's interests would certainly be affected if the Insureds are found to be liable in the Tort Action, but have no insurance coverage.